IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 MAY 27 P 4:24

SHEDRICK ALEXANDER,                }
                                   }
DEBRA P. HACKETT,
U.S. DISTRICT COURT
MIDDLE DISTRICT A[L]
    Plaintiff,                     }
                                   }                    2:05cv508-M
v.                                 }     CASE NO. CV-05-_____
                                   }
CON-WAY TRANSPORTATION             }
SERVICES, INC.,                    }
                                   }
    Defendant.                     }

## NOTICE OF REMOVAL BY DEFENDANT
## CON-WAY TRANSPORTATION SERVICES, INC.

Comes now defendant Con-Way Transportation Services, Inc. ("Con-Way"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for said removal, Con-Way states as follows:

### JURISDICTION

The Court's jurisdiction over this matter is based upon diversity of citizenship and is proper upon the following grounds:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2. This case, styled *Shedrick Alexander v. Con-Way Transportation Services, Inc., et al.*[1], was filed on April 22, 2005 in the Circuit Court of Montgomery County, Alabama, bearing Civil Action Number CV-05-1030 on the docket of that Court.

---

[1] Rule 10 of the Alabama and Federal Rules of Civil Procedure requires that "[i]n the Complaint the title of the action **shall** include the names of **all** the parties . . . ." Therefore, the only parties to this action are plaintiff Shedrick Alexander and defendant Con-Way Transportation Services, Inc.

SCANNED

3. Con-Way was served with the Summons and Complaint on April 29, 2005. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after receipt through service or otherwise of the Summons and Complaint by Con-Way.

4. Upon information and belief, at the time of the commencement of this action, and at all times subsequent thereto, plaintiff Shedrick Alexander (hereinafter "plaintiff"), has been a resident citizen of the State of Louisiana. *See* Complaint. As a result, plaintiff is not now, and was not at the time of filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

5. At the time of the commencement of this action and at all times subsequent thereto, defendant Con-Way has been a corporation organized and existing under the laws of the State of Delaware, and has had its principal place of business in the State of Michigan. As a result, Con-Way is not now, and was not at the time of filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

6. The presence of fictitious defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

7. Jurisdiction of this action is based upon 28 U.S.C. § 1332, 1441, and 1446, as amended.

8. This is a suit for compensatory and punitive damages arising out of an alleged accident that occurred on Interstate 65 South near Hope Hull, Montgomery County, Alabama on May 9, 2003. Count One of the Complaint alleges negligence on the part of an individual who is not a proper party to this lawsuit. Plaintiff avers he was injured and damaged as a result of the alleged

negligence. Count Two alleges negligent respondeat superior, wherein plaintiff alleges that said non-party Campbell negligently operated the vehicle he was driving while acting in the line and scope of his employment. Count Three alleges wanton operation of his vehicle by said non-party Campbell. Count Four alleges negligent and/or wanton entrustment of a vehicle by Con-Way to non-party Campbell. Count Five alleges negligent and/or wanton hiring, retention, and/or training of non-party Campbell, as well as negligent and/or wanton maintenance of said vehicle.

9.      The amount in controversy exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000), exclusive of interest and costs. In this civil action, plaintiff seeks unspecified compensatory and punitive damages from defendant Con-Way for negligence, negligent respondeat superior, wantonness, negligent and/or wanton entrustment, and negligent and/or wanton hiring, retention, and/or training with regard to an alleged accident that occurred on Interstate 65 South near Hope Hull, Montgomery County, Alabama on May 9, 2003. Plaintiff allegedly suffered extensive damages as a result of the alleged accident, including bodily injury, medical expenses (both incurred and future), physical pain, permanent impairment, scarring, and loss of income. (*See* plaintiff's Complaint, paragraph 15). Clearly, the amount of compensatory damages alone could, for the amount in controversy purposes, exceed $75,000.00 exclusive of interest and costs. Furthermore, based upon plaintiff's demand for punitive damages in his Complaint, it is possible under state law for a jury to award an amount exceeding $75,000.00. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)(reversed on other grounds)(when plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that amount in controversy exceeds jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)("[w]hen determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277

(11th Cir. 1991)(the amount in controversy requirement for diversity jurisdiction may be satisfied by a demand for punitive damages if it is possible under state law for a jury to award the requisite jurisdictional amount).

10. Plaintiff has alleged wantonness, wanton entrustment, wanton hiring, retention, and maintenance. (*See* plaintiff's complaint). Further, plaintiff alleges Campbell "was driving at a high rate of speed" and that Con-Way "wantonly entrusted a vehicle" to Campbell with actual and/or constructive knowledge that Campbell was an incompetent driver. (*See* plaintiff's complaint paragraphs 20 and 23). If, for example, the evidence supports plaintiff's claims for wanton hiring, retention, and maintenance, a jury could award punitive damages in excess of $75,000.

11. By way of example only, and not as an admission by defendant that the plaintiff is entitled to punitive damages of any kind or damages in any amount, juries in Alabama have frequently awarded individuals punitive damages in excess of $75,000 in wanton hiring and retention cases against trucking companies.

12. When determining whether the jurisdictional amount in controversy prerequisite is met, the court must consider a claim for punitive damages, unless it is apparent to a legal certainty that such a claim cannot be recovered. *Id.* Alabama law is clear that even where a plaintiff's award of compensatory damages is small or nominal, he/she may receive awards from a jury for punitive damages, which together could exceed this Court's jurisdictional minimum. *See., e.g., Life Ins. of Georgia v. Smith*, 719 So.2d 797 (Ala. 1998).

13. In assessing whether a Defendant has met its burden of proving that the amount in controversy exceeds the $75,000.00 jurisdictional requirement, the Court may also examine decisions rendered in cases on the same type of suit. *Lowe's OK's Used Cars, Inc. v. Acceptance,*

*Inc., Co.*, 995 F.Supp. at 1391-1392; See also, *DeAquilar v. Boeing*, 11 F.3d 55 (5th Cir. 1993); *Bolling v. Union Nat. Life Ins. Co.,*, 900 F. Supp. 400, 404 (M.D. Ala. 1995); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F.Supp. 1414, 1417 (M.D. Ala. 1986). In cases where, as here, Plaintiffs claim damages pursuant to claims of negligence and/or wantonness against a defendant truck driver and/or trucking company, large compensatory and punitive damages are routinely awarded. See, e.g. *Hornady Truck Line, Inc. v. Meadows*, 2002 WL 1880532 (Aug. 2002) (Jury awarded $6.25 million in compensatory damages where plaintiffs alleged negligence, wantonness, and negligent entrustment against defendant truck line and driver); *Brannon v. Sharp*, 554 So. 2d 951 (Ala. 1989) (Jury awarded $400,000 in damages to plaintiff passenger who brought suit against tractor trailer driver and owner to recover for personal injuries arising from accident); *Osborne Truck Lines, Inc. v. Langston* 454 So. 2d 1317 (Ala. 1984) (Alabama Supreme Court affirmed award of $1.5 million in compensatory damages and $1 million in punitive damages in personal injury action arising from collision between defendant's tractor trailer truck and van carrying plaintiffs; *Consolidated Freightways, Inc. v. Pacheco-Rivera*, 524 So. 2d 346 (Ala. 1988) (Jury awarded $350,000 to plaintiffs in action for personal injuries against Defendant trucking company and its driver for injuries sustained when tractor trailer collided with Plaintiffs' vehicle); *J.B. Hunt Transport, Inc.v Credeur*, 681 So. 2d 1355 (Ala. 1996) ($141,000 jury award for past loss and harm and $359,000 award for future loss and harm in personal injury action against defendant trucking company for injuries sustained in collision as a result of defendant's alleged negligent and/or wanton conduct in the operation of its tractor trailer); *Brown v. Gold Kist, Inc.*, 540 So. 2d 663 (Ala. 1988) (Jury returned a verdict in favor of plaintiffs against defendant trucking company's driver the amount of $200,000 for injuries sustained when defendant's tractor trailer struck plaintiffs' vehicle).

14. When a plaintiff claims an unspecified amount of damages, a court may look to relevant Alabama case law to determine whether the jurisdictional amount is satisfied. *See Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999).

15. Attached hereto and marked as Exhibit "A" is a copy of the State Court file containing "all process, pleadings, and orders served upon [Con-Way] in [this] action." 28 U.S.C. § 1446(a).

16. A Notice of Filing of the Notice of Removal (Exhibit "B") and a copy of this Notice of Removal are being filed with the Clerk of the Circuit Court of Montgomery County, Alabama.

17. If any question arises as to the propriety of the removal of this action, defendant Con-Way requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Con-Way prays that this Court will take cognizance and jurisdiction of this cause and make any and all orders necessary to affect the removal of this cause from the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the 27th day of May, 2005.

_____
Duncan Y. Manley (MAN 003)
William R. Pringle (PRI 006)
Attorneys for Defendant Con-Way
Transportation Services, Inc.

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Telephone:   (205) 795-6588
Facsimile:   (205) 328-7234

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the foregoing Notice of Removal in United States mail, first class postage prepaid and properly addressed to the following on this the 27th day of May, 2005:

Michael J. Crow
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

_____
OF COUNSEL

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.