IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 MAY 27 P 4: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

2:05 cv 508-m

| | |
|---|---|
| SHEDRICK ALEXANDER, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } |
| | } |
| CON-WAY TRANSPORTATION | } |
| SERVICES, INC., | } |
| | } |
| Defendant. | } |

CASE NO. CV 05-_____

**JURY TRIAL DEMANDED**

## ANSWER OF DEFENDANT CON-WAY TRANSPORTATION SERVICES, INC.

Comes now defendant Con-Way Transportation Services, Inc. (hereinafter "Con-Way") and for answer to plaintiff's Complaint states as follows[1]:

1.     Con-Way lacks sufficient information or knowledge to form a belief as to the averments in paragraph one of the Complaint.

2.     Upon information and belief, Con-Way states that Jeffrey Campbell resides in Alabama and is over the age of 19, however, Con-Way denies any and all other averments of paragraph two[2].

3.     Con-Way admits that it is a Delaware corporation with its principal place of business in Michigan. Any and all other averments of paragraph three are denied.

---

[1] All allegations not expressly admitted are denied.

[2] Jeffrey Campbell is not a party to this action due to plaintiff's failure to properly include him as a party as required by the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure. In the event that Jeffrey Campbell does become a party to this action, defendant Con-Way in no way waives any rights or defenses it may have to the claims asserted by plaintiff in the Complaint.

4.    Con-Way lacks sufficient information or knowledge to form a belief as to the averments in paragraph four of the Complaint.

5.    Upon information and belief, Con-Way admits the averments of paragraph five of the Complaint, however, to the extent paragraph 5 implies any liability whatsoever upon defendant Con-Way, paragraph 5 is denied.

## STATEMENT OF THE FACTS

6.    Admitted.

7.    Upon information and belief, Con-Way admits that Jeffrey Campbell was an employee of defendant Con-Way, however, defendant Con-Way lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies same.

8.    Upon information and belief, defendant Con-Way admits that Jeffrey Campbell was traveling on Interstate 65 South near Montgomery, Alabama on May 9, 2003 around 3:45 a.m., any and all other averments of paragraph eight are denied.

9.    Upon information and belief, paragraph 9 is admitted.

10.    Con-Way denies the averments of paragraph ten of the Complaint.

11.    Con-Way denies the averments of paragraph eleven of the Complaint.

12.    Con-Way lacks sufficient information or knowledge to form a belief as to the truth of the averments of paragraph twelve of the Complaint and therefore denies same.

## COUNT ONE

13.    Con-Way adopts and incorporates by reference its responses to paragraphs one through twelve of the Complaint in addition to all affirmative defenses asserted herein.

14.    The allegations contained in paragraph fourteen of the Complaint call for improper legal conclusions. Con-Way denies the allegations contained in paragraph fourteen of the Complaint and demands strict proof thereof.

15.    The allegations contained in paragraph fifteen of the Complaint call for improper legal conclusions. Con-Way denies the allegations of paragraph fifteen of the Complaint and demands strict proof thereof.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE", Con-Way denies that plaintiff is entitled to any relief whatsoever for the claims set forth in Count One of the Complaint.

## COUNT TWO

16.    Con-Way adopts and incorporates by reference its responses to paragraphs one through fifteen of the Complaint in addition to all affirmative defenses asserted herein.

17.    The allegations contained in paragraph seventeen of the Complaint call for improper legal conclusions. Con-Way denies the allegations contained in paragraph seventeen of the Complaint and demands strict proof thereof.

18.    The allegations contained in paragraph eighteen of the Complaint call for improper legal conclusions. Con-Way denies the allegations contained in paragraph eighteen of the Complaint and demands strict proof thereof.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE", Con-Way denies that plaintiff is entitled to any relief whatsoever for the claims set forth in Count Two of the Complaint.

## COUNT THREE

19.    Con-Way adopts and incorporates by reference its responses to paragraphs one through eighteen of the Complaint in addition to all affirmative defenses asserted herein.

20.    The allegations contained in paragraph twenty of the Complaint call for improper legal conclusions. Con-Way denies the allegations contained in paragraph twenty of the Complaint and demands strict proof thereof.

21.    The allegations contained in paragraph twenty-one of the Complaint call for improper legal conclusions. Con-Way denies the allegations contained in paragraph twenty-one of the Complaint and demands strict proof thereof.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE", Con-Way denies that plaintiff is entitled to any relief whatsoever for the claim set forth in Count Three of the Complaint.

## COUNT FOUR

22.    Con-Way adopts and incorporates by reference its responses to paragraphs one through twenty-one of the Complaint in addition to all affirmative defenses asserted herein.

23.    The allegations contained in paragraph twenty-three of the Complaint call for improper legal conclusions. Con-Way denies the allegations contained in paragraph twenty-three of the Complaint and demands strict proof thereof.

24.    The allegations contained in paragraph twenty-four of the Complaint call for improper legal conclusions. Con-Way denies the allegations contained in paragraph twenty-four of the Complaint and demands strict proof thereof.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE", Con-Way denies that plaintiff is entitled to any relief whatsoever for the claim set forth in Count Four of the Complaint.

## COUNT FIVE

25.     Con-Way adopts and incorporates by reference its responses to paragraphs one through twenty-four of the Complaint in addition to all affirmative defenses asserted herein.

26.     The allegations contained in paragraph twenty-six of the Complaint call for improper legal conclusions.  Con-Way denies the allegations contained in paragraph twenty-six of the Complaint and demands strict proof thereof.

27.     The allegations contained in paragraph twenty-seven of the Complaint call for improper legal conclusions.  Con-Way denies the allegations contained in paragraph twenty-seven of the Complaint and demands strict proof thereof.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE", Con-Way denies that plaintiff is entitled to any relief whatsoever for the claim set forth in Count Five of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Con-Way denies the material averments of plaintiff's Complaint.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff is not entitled to any judgment against Con-Way, and plaintiff is not entitled to recover any damages, interest, costs, attorneys' fees, or any other relief whatsoever from Con-Way.

### FOURTH DEFENSE

Any negligence and wantonness claims against Con-Way are barred because Con-Way did not breach any duty which may have been owed to plaintiff.

### FIFTH DEFENSE

Any negligence and wantonness claims against Con-Way are barred because plaintiff's injuries and damages were caused by efficient intervening and/or superceding causes.

### SIXTH DEFENSE

Plaintiff's claims are barred by plaintiff's contributory negligence.

### SEVENTH DEFENSE

Plaintiff voluntarily assumed the risk of the injury allegedly sustained.

### EIGHTH DEFENSE

Con-Way pleads the sudden emergency doctrine.

### NINTH DEFENSE

Plaintiff has failed to mitigate his damages.

### TENTH DEFENSE

Con-Way asserts that plaintiff failed to properly plead an indispensable party.

### ELEVENTH DEFENSE

Con-Way specifically denies any liability based upon agency or respondeat superior.

### TWELFTH DEFENSE

Plaintiff's negligent and/or wanton hiring, supervision, retention, training and maintenance of the truck claims are barred.

### THIRTEENTH DEFENSE

Any wantonness claims asserted by plaintiff are barred.

## FOURTEENTH DEFENSE

Con-Way asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## FIFTEENTH DEFENSE

Con-Way denies engaging in any conduct which entitles plaintiff to recover punitive damages.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages under the standards set forth in sections 6-11-20 and 6-11-27 of the Alabama Code.

## SEVENTEENTH DEFENSE

Con-Way pleads the 1999 amendment to Ala. Code § 6-11-21 (1975) and the cap on punitive damages contained therein.

## EIGHTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996), *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

## NINETEENTH DEFENSE

The Supreme Court of Alabama cannot abolish the cap for damages contained in Ala. Code § 6-11-21 (1975) and the attempt to abolish the cap violates the constitutions of the United States and the State of Alabama.

## TWENTIETH DEFENSE

Plaintiff proximately caused his own alleged injuries and damages.

### TWENTY-FIRST DEFENSE

Con-Way pleads lack of personal jurisdiction.

### TWENTY-SECOND DEFENSE

Con-Way pleads lack of subject matter jurisdiction.

### TWENTY-THIRD DEFENSE

Plaintiff lacks standing to bring this action.

### TWENTY-FOURTH DEFENSE

The plaintiff's injuries and damages, if any, were proximately cause by an unavoidable accident, which was due to the fault of neither the plaintiff nor the defendant.

### TWENTY-FIFTH DEFENSE

The plaintiff failed to take advantage of the last clear chance to avoid the alleged collision of which plaintiff complains, and plaintiff is therefore barred from recovering anything from Con-Way.

### TWENTY-SIXTH DEFENSE

The plaintiff's injuries and damages, none of which are admitted, but are expressly denied, were not the result of any acts or omissions of Con-Way.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TWENTY-EIGHTH DEFENSE

Con-Way reserves the right to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and reserves the right to amend its answer to assert any such defenses.

Respectfully submitted this the 27th day of May, 2005.

_____

Duncan Y. Manley
William R. Pringle
Attorneys for Defendant Con-Way
Transportation Services, Inc.

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Telephone:    (205) 795-6588
Facsimile:    (205) 328-7234

## COUNSEL DEMANDS TRIAL BY STRUCK JURY

### CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the foregoing Answer in United States mail, first class postage prepaid and properly addressed to the following on this the 27th day of May, 2005:

Michael J. Crow
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

_____

OF COUNSEL

-9-