IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **SHEDRICK ALEXANDER,** | * |
| **Plaintiff,** | * |
| Vs. | * |
| | * CASE NO.: CV-05-_____ |
| **CON-WAY TRANSPORTATION SERVICES, INC.;** and Fictitious Defendants A, B, & C, whether singular or plural, those persons, corporations, partnerships or other entities whose negligence and wantonness cause contributed to the Plaintiffs injuries, that whose true and correct names are unknown at this time, but will be substituted by amendment when ascertained, | * |
| **Defendants.** | * |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Shedrick Alexander, is over the age of 19 years and is a citizen of St. Martinsville, Louisiana.

2. Defendant, Jeffrey Campbell, is over the age of 19 years and is a resident citizen of Birmingham, Alabama.

3. Defendant, Con-Way Transportation Services, Inc. is a corporation, with its principal place of business in Ann Arbor, Michigan.

4. Fictitious Defendants "A", "B", "C" and "D" whether singular or plural, are those other persons, firms, partnerships, corporations or other entities whose wrongful conduct caused on contributed to cause the injuries and damages to the Plaintiff, all of



whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

5. The amount of controversy exceeds Ten Thousand and 00/100 ($10,000.00 DOLLARS) exclusive of interests and costs.

## STATEMENT OF THE FACTS

6. On May 9, 2003 Defendant Con-Way was a trucking company in Ann Arbor, Mississippi operating trucks on interstate commerce in the United States, to wit: Alabama.

7. Defendant Campbell was an employee, agent or servant for Defendant Conway and was acting in the line and scope of his employment for Defendant Conway at all material times referred to in this Complaint.

8. On May 9, 2003, Defendant Campbell was traveling on Interstate 65 South when at or near Montgomery, Alabama at approximately 3:45 a.m.

9. On the same date and time, Defendant Alexander was driving South on I-65 at or near Montgomery, Alabama.

10. Defendant Campbell then proceeded South on Interstate 65 at speeds in excess of 70 mph and weaving thru traffic.

11. Defendant Campbell struck the rear of Plaintiff Alexander's truck and again struck it as Campbell passed Alexander's truck and ran off the highway and crashed.

12. Defendant Campbell was taken to the hospital in Montgomery where he provided employees of the hospital false contact information and did not remain at the hospital for the investigating state trooper.

## COUNT ONE
### (Negligence)

13. Plaintiff realleges paragraphs 1 through 12 of the Complaint as if set out here in full.

14. At the said time and place aforesaid, the Defendant, Campbell, was negligently operating the motor vehicle which he was driving and caused it to strike the rear and side/front of the Plaintiff, Alexander.

15. As a proximate consequence of Defendant, Campbell's negligence, the Plaintiff, Alexander was injured and damaged as follows: he suffered bodily injury; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the future; he is permanently impaired and scarred; he loss income in the past and will do so in the future; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff, Shedrick Alexander, demands judgment against Defendant Campbell in such an amount of compensatory damages as a jury may award, plus costs and expenses which he shall incur as a result of this action.

## COUNT TWO
### (Negligent Responded Superior)

16. Plaintiff realleges paragraphs 1 through 14 of this Complaint as if set out here in full.

17. At the aforesaid time and place, Defendant Campbell, while acting in the line and scope of his employment duties with Defendant Con-Way, negligently operated the vehicle, which he was driving, which said vehicle is owned or leased by the

Defendant and caused said vehicle to strike the rear/side/front of the Plaintiff, Alexander.

18.  As a proximate consequence of Defendant Campbell's negligence, while acting within the line and scope of his employment duties with the Defendant, Plaintiff Alexander was injured and damaged as set forth in paragraph 15 of this Complaint.

WHEREFORE, Plaintiff Alexander demands judgment against Defendants Campbell and Con-Way in such an amount of compensatory damages as a jury may award, plus the costs and expenses which he shall incur as a result of this action.

## COUNT THREE
### (Wantonness)

19.  Plaintiff Alexander realleges paragraphs 1 through 18 of the Complaint as if set out here in full.

20.  At the aforesaid time and place, Defendant Campbell wantonly operated his vehicle as to cause a collision between the vehicle which he was driving at a high rate of speed for the conditions with the rear/side/front vehicle Plaintiff Alexander was driving.

21.  As a proximate consequence of Defendant Campbell's wantonness, Plaintiff Alexander was injured and damaged as described in paragraph 15 herein above.

WHEREFORE, Plaintiff Alexander demands judgment against Defendant Campbell in such an amount of compensatory damages and punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this action.

## COUNT FOUR
### (Negligently/Wantonly Entrustment)

22. Plaintiff Alexander realleges paragraphs 1 through 21 as if set out here in full.

23. At the aforesaid time and place, the Defendant Con-Way negligently and/or wantonly entrusted a vehicle to Defendant Campbell with actual and/or constructive knowledge that Defendant Campbell was an incompetent driver.

24. As a proximate consequence of the Defendants negligence and/or wanton entrustment, Plaintiff Alexander was injured and damaged as described in paragraph 15 herein above.

WHEREFORE, Plaintiff Alexander demands judgment against Defendant Campbell in such an amount of compensatory damages and punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this action.

## COUNT FIVE

25. Plaintiff Alexander realleges paragraphs 1 through 24 of the Complaint as if set out here in full.

26. Defendant Con-Way negligently and/or wantonly hired, retained, maintained the truck, and/or trained Defendant Campbell.

27. As a proximate result of the Defendants' negligence and wantonness, Plaintiff Alexander was injured and damaged as set forth in paragraph 15 of the Complaint.

WHEREFORE, Plaintiff Alexander demands judgment against Defendant Campbell in such an amount of compensatory damages and punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this action.

/s/ Michael Crow
MICHAEL J. CROW (CRO039)

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343