IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **SHEDRICK ALEXANDER,** | * |
| **Plaintiff,** | * |
| Vs. | * |
| | * CASE NO.: 2:05CV508-M |
| **CON-WAY TRANSPORTATION SERVICES, INC.; and JEFFREY CAMPBELL,** | * |
| **Defendants.** | * |

### PLAINTIFFS MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, Shedrick Alexander, pursuant to Rule 15 Federal Rules of Civil Procedure requests the Court to allow him to amend his Complaint heretofore by adding "Jeffrey Campbell" to the caption of the Complaint under Defendants.

As grounds for his motion, he would show the following:

1. On April 22, 2005, Plaintiff Shedrick Alexander filed a five count Complaint against Defendants, Jeffrey Campbell, Con-Way Transportation Services, Inc. and Fictitious Defendants "A", "B", and "C" (see Exhibit "A").

2. Plaintiffs counsel inadvertently left out Defendant Jeffrey Campbell's name from the caption of the Complaint, but plead specific allegations in counts in the Complaint against him, which appear in the body of the Complaint. (See Exhibit "A")

3. The two-year limitation of action expired on May 9, 2005.

4. Plaintiffs counsel even filed a Summons and directed the clerk of the Circuit Court of Montgomery County to serve process on Defendant Jeffrey Campbell by certified mail. ("See Exhibit "B" and "C")

4.  On or about May 22, 2005, Defendant Con-Way Transportation filed a Answer on behalf of Con-Way Transportation and a Notification of Removal based upon diversity of the parties. (i.e. Plaintiff Alexander from Louisiana and Defendant Con-Way Transportation from Michigan)

5.  Plaintiff Shedrick Alexander argues that the oversight of failing to place Jeffrey Campbell's name in the caption is not fatal to his claims against him and can be corrected by amendment. (See <u>Kedra v. City of Philadelphia, et al.</u>, 454 F.Supp. 652, 658.) District Judge Lungo in footnote (1) stated that such an oversight violated federal pleading rules (See F.R.C.P 10(a); <u>Carrigan v. California State Legislature</u>, 263 Fed.2d 560, 567 (9th Cir.), Cert. denied, 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929 (1959) and should be corrected by amendment.)

6.  In <u>Springwater Dairy, Inc. v. Federal Intermediate Credit Bank of St. Paul</u>, 625 Fed.Supp. 713, District Judge MacLaughlin stated in footnote (5) "that the Plaintiff should have listed Wilkerson as a Defendant in the caption of their Amended Complaint, F.R.C.P. 10(a) but their failure to do so does not mean that they cannot maintain an action against him. <u>Marsh v. Butler County, Alabama</u>, 268 F.3d 1014 (11th Cir. 2001) <u>Greenwood v. Ross</u>, 778 Fed.2d 448, 451-52 (8 Cir. 1985). Here, the body of the Amended Complaint makes a number of explicit references to Wilkerson, and that Wilkerson has been served; thus Plaintiffs can pursue their action against him. (See 5 C. Wright & 80. Miller, Federal Practice and Procedure §1321 at 460-61 (1969).

/s/Michael J. Crow
MICHAEL J. CROW (CRO039)

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of June, 2005, a copy of the foregoing was served on all counsel of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed.

                                       /s/Michael J. Crow
                                       OF COUNSEL

Duncan Y. Manley
CHRISTIAN & SMALL, LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203