IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHEDRICK ALEXANDER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. 2:05 CV-508-T |
| | } | |
| CON-WAY TRANSPORTATION SERVICES, INC., | } } | |
| | } | |
| Defendant. | } | |

**DEFENDANT CON-WAY TRANSPORTATION SERVICE INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW Defendant Con-Way Transportation Services, Inc. (hereinafter "Con-Way"), and hereby files this Opposition to Plaintiff's Motion to Remand. As grounds for Defendant's Opposition to Plaintiff's Motion to Remand, Defendant states as follows:

1. Diversity jurisdiction for purposes of removal is determined from the pleadings <u>at the time the removal is filed</u>. *In re: Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) *cert. denied*, 450 U.S. 949; *Freeport-McMoran, Inc. v. K N Energy, Inc.,* 498 U.S. 426 (1991), 28 U.S.C.A. § 1332(a).

2. At the time the removal was filed, the sole Defendant named in the title of Plaintiff's Complaint was Defendant Con-Way.

3. Plaintiff Shedrick Alexander is a resident of Louisiana and Defendant Con-Way is a Delaware corporation.

4. Federal jurisdiction exists in this case by virtue of the diversity of citizenship of the parties and the sufficiency of the amount in controversy. 28 U.S.C.A. § 1332. In a diversity case the federal court is bound to apply state substantive law except in matters governed by federal law. *Erie*

*Railroad Co. v. Tompkins,* 304 U.S. 64 (1938). The issue of whether a valid claim has been properly asserted against a party is therefore a state law issue.

    5.    *Alabama Rules of Civil Procedure* Rule 10(a) mandates that:

> Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number…In the complaint the title of the action **shall include** the names of **all** the parties…

Ala. R. Civ. P. 10(a). Furthermore, the Supreme Court of Alabama, in *Corona v. Southern Guaranty Insurance Company, Inc.,* 314 So.2d 61 (Ala. 1975), held that under the Rule of Civil Procedure requiring that in a complaint the title shall include the names of all parties to the litigation, "it is the title of the complaint *and not the body* that establishes those parties who are before the court as litigants" *Id.* at 63 (emphasis added).

    6.    Here, the title of the Plaintiff's complaint only includes Con-Way as a Defendant and, therefore, under Alabama law, Plaintiff Alexander and Con-Way are the only parties who are before the Court as litigants. To hold otherwise would violate the letter of the law.

    7.    Because Jeffrey Campbell is not a party to this action under Alabama law, complete diversity exists and this case was properly removed to the United States District Court.

    8.    In his Motion to Remand, Plaintiff argues that he intended to include Campbell as a Defendant. Plaintiff's intent, however, is of no consequence. Under Alabama law, words used in a statute or rule must be given their natural, plain, ordinary and commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says. *In re: James*, 406 F.3d 1340 (11th Cir. 2005); *citing Ex parte Employees' Retirement System of Alabama,* 644 So.2d 943, 946 (Ala.1994). The fact that *ARCP* 10(a) uses mandatory, plain

language (i.e. "the title of the action shall include all the parties") cannot be ignored or interpreted otherwise.

9.    Moreover, the Supreme Court of Alabama has held that in order to properly sue an intended Defendant, the Plaintiff is required to properly name the Defendant, and Rule 10(a) requires that a complaint include the names of all parties in the title of the action. *Cofield v. McDonald's Corporation*, 514 So.2d 953, 954 (Ala.1987).

9.    In addition, Plaintiff argues that Defendant's Notice of Removal is insufficient due to Defendant's failure to obtain consent from all Defendants in this case. However, it is undisputed that at the time of the filing of the removal, Jeffrey Campbell had not been served. In fact, to date, Jeffrey Campbell has not been served. Simply put, Con-Way was not required to obtain consent from Campbell because he is not and never was a party to this action, and he was never served.

10.   In *Pride v. Venago River Corp.*, 916 F.2d 1250, 1252 (7th Cir. 1990), a case factually similar and applicable to the instant case, the Seventh Circuit found that "[i]f a plaintiff fails to comply with the naming requirement of *Fed. R. Civ. P*. 10(a) before a statute of limitations runs, and an unnamed defendant is unaware that he is a party against whom the claim should have been brought, the plaintiff is foreclosed from amending the complaint to name the correct defendant." Citing *Schiavone v. Fortune*, 477 U.S. 21, 30-32, (1986). Here, Plaintiff failed to comply with Rule 10(a) before the statute of limitations ran. Further, Plaintiff failed to serve Jeffrey Campbell and therefore, he is not a party.

Accordingly, and for the aforementioned reasons, Defendant Con-Way requests this Court deny Plaintiff's Motion to Remand and retain jurisdiction over this action based on diversity of citizenship.

Respectfully submitted,

*/s/ William R. Pringle*
Duncan Y. Manley
William R. Pringle
Attorneys for Defendant Con-Way
Transportation Services, Inc.

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203
Telephone:   (205) 795-6588
Facsimile:   (205) 328-7234

## CERTIFICATE OF SERVICE

    I hereby certify that on June 23, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael J. Crow
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

*/s/ William R. Pringle*
OF COUNSEL