IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEDRICK ALEXANDER, | } |
| Plaintiff, | } |
| v. | } CASE NO. 2:05-CV-00508 |
| CON-WAY TRANSPORTATION SERVICES, INC., | } |
| Defendant. | } |

**DEFENDANT CON-WAY TRANSPORTATION SERVICES, INC.'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW Defendant Con-Way Transportation Services, Inc. (hereinafter "Con-Way") and files the following response to Plaintiff's Motion for Leave to Amend. As grounds for its Response, Defendant states as follows:

1. On or about April 22, 2005, Plaintiff filed a Complaint in the Circuit Court of Montgomery County, Alabama, listing Con-Way Transportation Services, Inc. and fictitious Defendants A, B, and C as defendants in the title of the complaint.

2. Defendant Con-Way was served with the Complaint on or about April 29, 2005.

3. Defendant Con-Way filed a Notice of Removal on or about May 27, 2005, based on diversity jurisdiction.[1]

4. Pursuant to *Alabama Rules of Civil Procedure* Rule 10(a) and applicable Alabama case law, Defendant Con-Way is the sole Defendant in this action. *Alabama Rules of Civil Procedure* Rule 10(a) mandates that:

---

[1] Plaintiff Shedrick Alexander is a resident of Louisiana and Defendant Con-Way is a Delaware corporation with its principal place of business in Michigan.

>Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number...In the complaint the title of the action **shall include** the names of **all** the parties...

Ala. R. Civ. P. 10(a). Furthermore, the Supreme Court of Alabama, in *Corona v. Southern Guaranty Insurance Company, Inc.,* 314 So.2d 61 (Ala. 1975), held that under the Rule of Civil Procedure requiring that in a complaint the title shall include the names of all parties to the litigation, "it is the title of the complaint *and not the body* that establishes those parties who are before the court as litigants" *Id.* at 63 (emphasis added). Moreover, the Supreme Court of Alabama has held that in order to properly sue an intended Defendant, the Plaintiff is required to properly name the Defendant, and Rule 10(a) requires that a complaint include the names of all parties in the title of the action. *Cofield v. McDonald's Corporation*, 514 So.2d 953, 954 (Ala.1987).

5.  Plaintiff now seeks to amend his complaint to add Jeffrey Campbell as a party in the title of the complaint. The two-year statute of limitations period expired on May 9, 2005. Jeffrey Campbell was not included in the title of the Complaint and was never served with the Complaint prior to the expiration of the statute of limitations.[2] Importantly, Plaintiff has failed to present any evidence that Campbell had notice that he was a party to this lawsuit prior to the expiration of the statute of limitations. Plaintiff is therefore barred from amending the Complaint to add Campbell as a party.

6.  Where a plaintiff seeks to amend his complaint after the defendant has answered, he may do so "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). A motion to amend may be denied on "numerous grounds" such as "undue delay, undue prejudice

---

[2] To date, Jeffrey Campbell has not been served and is not a party to this action.

to the defendants, and futility of the amendment." *Abramson v. Gonzalez,* 949 F.2d 1567, 1581 (11th Cir.1992). Among the reasons that the Supreme Court has recognized as warranting the denial of a motion to amend is "futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

7. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir.1999). Because the statute of limitations has already run, Plaintiff cannot now initiate a valid claim against Campbell. *See Brewer-Giorgio v. Producers Video, Inc,* 216 F.3d 1281 (11th Cir. 2000). Any claims Plaintiff now attempts to assert against Campbell via amendment are due to be dismissed and therefore amendment would be futile. Accordingly, Plaintiff's Motion for Leave to Amend should be denied.

8. Though Plaintiff cites a number of cases in his Motion for Leave to Amend, none of the cases cited involve a situation where a plaintiff is attempting to add a party by amendment **after the statute of limitations has expired** when that party's identity was known at the time of the filing of the Complaint. Such is the case in the instant action and Plaintiff's Motion for Leave to Amend is therefore due to be denied.

9. The Eleventh Circuit, in a case appealed from the United States District Court for the Middle District of Alabama, affirmed the trial court's denial of the plaintiff's motion to amend to add defendants and held that, "if the statute of limitations has expired, as in the present case, the amendment must 'relate back' to the original filing date [in order to maintain a claim against that party]." *Williams v. Lee County, Alabama,* 78 F.3d 491, 494 (11th Cir. 1996). Among the factors the Court considered in denying plaintiff's motion to amend were that the proposed amendment was untimely and that the proposed parties to be added were not shown to have received sufficient notice of the action. *Id.* Here, the proposed amendment to add Campbell is clearly

3

untimely as the statute of limitations has expired.  In addition, the proposed party to be added, Jeffrey Campbell, has not received proper notice of the lawsuit as he has not been served.  Accordingly, Plaintiff's Motion for Leave to Amend is due to be denied.

      10.    Similarly, in *Pride v. Venago River Corp.*, 916 F.2d 1250, 1252 (7th Cir. 1990), a case factually similar and applicable to the instant case, the court held that "[i]f a plaintiff fails to comply with the naming requirement of *Fed. R. Civ. P*. 10(a) before a statute of limitations runs, and an unnamed defendant is unaware that he is a party against whom the claim should have been brought, the plaintiff is foreclosed from amending the complaint to name the correct defendant." Citing *Schiavone v. Fortune*, 477 U.S. 21, 30-32, (1986).

Accordingly, for the aforementioned reasons Plaintiff's Motion for Leave to Amend is due to be denied.

Respectfully submitted,

 /s/ William R. Pringle
Duncan Y. Manley
William R. Pringle
Attorneys for Defendant Con-Way
Transportation Services, Inc.

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203
Telephone:    (205) 795-6588
Facsimile:    (205) 328-7234

## CERTIFICATE OF SERVICE

      I hereby certify that on June 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael J. Crow
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160


                                                           */s/ William R. Pringle*
                                                           OF COUNSEL